UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VALMIKI RAMANI,<br><br>      Plaintiff,<br><br>-against-<br><br>YOUTUBE LLC,<br><br>      Defendant. | 22-CV-10949 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is proceeding *pro se*, brings this action against YouTube, LLC, asserting claims arising from actions taken by YouTube in connection with the termination of his channel on YouTube's platform.[1] For the following reasons, this action is transferred to the United States District Court for the Northern District of California.

## DISCUSSION

  Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

  For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

---

[1] Plaintiff has previously filed in this court two complaints against YouTube in connection with his YouTube channel. Both actions were transferred to the United States District Court for the Northern District of California. *See Ramani v. YouTube LLC*, ECF 1:19-CV-9499, 6 (S.D.N.Y. Nov. 12, 2019); *Ramani v. YouTube LLC*, ECF 1:17-CV-5746, 2 (S.D.N.Y. Sept. 20, 2019).

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff, who resides in Briarwood, Queens County, New York, brings this action against YouTube, which he alleges is headquartered in San Bruno, San Mateo County, California. Queens County falls within the United States District Court for the Eastern District of New York, *see* 28 U.S.C. § 112(c), and San Mateo County falls within the Northern District of California, *see id*. § 84(a). Because Plaintiff does not allege that YouTube resides in this District or that any of the events or omissions giving rise to his claims arose in this District, venue does not appear to be proper in the Southern District of New York under Section 1391(b)(1) or (2).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The Northern District of California appears to be a more convenient forum for this action. YouTube is headquartered in that district and has mandated in its terms of service that disputes with its users must be litigated in the Northern District of California.[2] Accordingly, the Court transfers this action to the United States District Court for the Northern District of California. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of California. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case in this court.

---

[2] According to YouTube's service agreement, users must agree to certain terms to upload and otherwise use YouTube. The terms provide that "(i) the Service shall be deemed solely based in California; and (ii) the Service shall be deemed a passive website that does not give rise to personal jurisdiction over YouTube, either specific or general, in jurisdictions other than California." *Song fi, Inc. v. Google Inc.*, 72 F. Supp. 3d 53, 56 (D.D.C. 2014) (transferring action to the Northern District of California based on YouTube's forum selection clause). The terms also requires that "[a]ny claim or dispute . . . that arises in whole or in part from the Service shall be decided exclusively by a court of competent jurisdiction located in Santa Clara County, California." *Id.* at 56-57.

If the forum selection clause in YouTube's terms of service applies to Plaintiff's dispute with YouTube, it would dictate litigation of this action in the Northern District of California.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  January 19, 2023
          New York, New York

                                        /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                      Chief United States District Judge